IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

STEVEN DIXON PRENTICE,              )
                                    )
            Plaintiff,              )
                                    )
      v.                            )      1:15CV383
                                    )
UNITED STATES OF AMERICA,           )
                                    )
            Defendant.              )

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a federal prisoner and frequent pro se litigant, filed a Request for Issuance of Certificate Releasing Property from Lien [Doc. #1], which the Court treated as a Motion for Return of Property. Plaintiff's Motion has now been fully briefed and is before the Court. Plaintiff was convicted in this Court in United States v. Prentice, No. 1:01CR31-1, of receiving child pornography videotapes in commerce and of using a minor to engage in sexually explicit conduct for producing videotapes. He received concurrent sentences of 180 and 210 months imprisonment, which he is currently serving. The Judgment [1:08CR31-1, Doc. #23] in that case also ordered that Plaintiff pay $8,100.00 in restitution, which is the subject of the present filing.

Plaintiff claims in his Motion that although the original Judgment ordered restitution of $8,100.00, that amount "was later determined by a Federal Lawsuit . . . to be the sum certain amount of $4369.20, and Mr. Prentice has overpaid in excess of $15,000, via the Bureau of Prisons (B.O.P.) Inmate Financial Responsibility Program." (Plaintiff's Motion at 2.) He cites

to the "Federal Lawsuit" lowering the restitution amount as "State of North Carolina Medicaid v. U.S. Attorney Office, inserted into United States v. Prentice, No. 1:01CR31-JAB-1 (M.D.N.C., Oct 22, 2009)." (Id.) He also states that the United States Attorney's Office continues to request the payment of interest on the restitution. Plaintiff requests that the Court extinguish the lien against him, declare the debt satisfied, release any property held by the United States, and return his $15,000 with interest.

The United States filed a Response [Doc. #2] to Plaintiff's Motion stating that the $8100.00 restitution amount was never reduced, that the "lawsuit" to which Plaintiff refers was simply a substitution of the party to which restitution payments were to be sent, and that as of May 20, 2015, Plaintiff had paid $8,120.00 and still owed $1,867.77, consisting of only accrued interest. The Government also notes that to the extent Plaintiff seeks to challenge the original Judgment imposing the restitution, his efforts to challenge that Judgment have been rejected in prior litigation and are not properly before the Court.

Following the Response, Plaintiff filed two documents. The first is a Reply [Doc. #4] in which he acknowledges that the Government's Response is "'fairly accurate.'" However, he also states that the Government "acknowledges" in its Response that the actual amount owed was $4,369.20 and that Plaintiff overpaid by $3,730.80. He also raises a challenge to the accuracy and validity of the original Judgment imposing restitution and points to several other cases or filings where he also attacked that Judgment. Plaintiff later filed a "Mandatory Judicial Notice" [Doc. # 5] in which he details what he claims are excess or erroneous deductions

2

from his prison trust account by the Bureau of Prisons. These allegedly improper withdrawals are the subject of other lawsuits filed by Plaintiff, which he references in the filing.

In considering Plaintiff's Motion, the Court notes that to the extent that Plaintiff is attempting to challenge the Judgment in his criminal case, this Court has previously considered and rejected those claims, and Plaintiff may not re-litigate those issues in a Motion for Release of Lien. (See Order [1:08CR31-1, Doc. #60].) Moreover, however Plaintiff's Motion is construed, it is without basis. The Judgment in Plaintiff's criminal case ordered that he pay restitution of $8,100. Because that amount exceeded $2,500, interest was not waived or modified, and because Plaintiff did not pay the entire amount within fifteen days, interest automatically accrued according to 18 U.S.C. § 3612(f). Despite Plaintiff's multiple attempts to attack that Judgment, the amount of restitution was never reduced in any way. Pursuant to a Motion [1:08CR31-1, Doc. #51] filed by the Government, not a lawsuit filed against it, the sentencing judge did substitute the entity to which the restitution was to be paid. (Order to Substitute Payee [1:08CR31-1, Doc. #52].) That Order was upheld on appeal. In no way did that Order reduce, adjust, or change the amount of restitution owed by Plaintiff. Nor did the Government at any point acknowledge any lower amount owed or any overpayment by Plaintiff. Thus, Plaintiff's Motion is baseless.

In Plaintiff's later filings, he attempts to raise arguments challenging amounts deducted from his prison trust account by the Bureau of Prisons. However, any challenge to the deductions by the Bureau of Prisons would have to be brought through 28 U.S.C. § 2241 in his district of incarceration after exhausting his administrative remedies. Plaintiff indicates

3

that he is presently pursuing such a claim in his district of incarceration.  Therefore, the present

action should be dismissed.

IT IS THEREFORE RECOMMENDED that Plaintiff's Motion for Issuance of

Certificate Releasing Property from Lien [Doc. #1] seeking relief from his restitution

payments be denied and that this action be dismissed.

This, the 27th day of January, 2016.

                                                    /s/ Joi Elizabeth Peake
                                                    United States Magistrate Judge